IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FERGUSON, et al. : | CIVIL CASE |
|    Plaintiffs, : | |
|           v. : | |
| : | |
| NOBLES, : | |
|    Defendant. : | NO. 14-1439 |

**MEMORANDUM RE: MOTION TO REMAND**

**Baylson, J.**                                                                                                                   **April 15, 2014**

**I.     Introduction**

This dispute involves claims for damages related to an alleged automobile collision that occurred in January 2013. Defendant removed the action to federal court and Plaintiffs now seek to remand to state court. For the following reasons, the action will be remanded.

**II.    Procedural History**

On September 30, 2013, Plaintiffs filed a Complaint in the Philadelphia County Court of Common Pleas for injuries arising out of a motor vehicle collision that occurred on or about January 24, 2013. ECF 1, Ex. A (Pl.'s Compl.). In that Complaint, Plaintiffs demanded damages that exceeded $50,000 but not in excess of $75,000, under each Count included in their Complaint. Id. ¶¶ 20, 28, 36, 44.

On March 11, 2014, Defendant filed a Notice of Removal to remove the suit to this Court. ECF 1. In his Notice of Removal, Defendant alleged that the requirements for diversity jurisdiction were met, because Plaintiff are citizens of Pennsylvania, Defendant is a citizen of New York, and the amount of controversy exceeded $75,000. ECF 1 (Notice of Removal) ¶¶ 5-8.

Plaintiffs filed a Motion to Remand on March 18, 2014, contending that their Complaint limits their recovery to an amount that does not exceed $75,000.  ECF 3.  Defendants opposed that Motion on the same day.  ECF 4.

## IV. Legal Standard

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441.  "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States."  28 U.S.C. § 1332(a).  "Removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)."  28 U.S.C. § 1446(b)(2)(B).

A defendant must file notice of removal within 30 days after receiving the initial pleading.  28 U.S.C. § 1446(b).

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C.A. § 1446(b)(3).  "The removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990) (quoting Steel Valley Auth. v. Union Switch and Signal Div., 809 F.2d 1006, 1010 (3d Cir.1987)).

Neither party disputes that complete diversity exists in this case, as Plaintiffs are citizens of Pennsylvania, and Defendant is a citizen of New York.  The central question is whether the

amount in controversy requirement has been satisfied for this court to have subject matter jurisdiction under 28 U.S.C. § 1332.

## V. Discussion

While true that "the amount in controversy is not measured by the low end of an open-ended claim, but rather be a reasonable reading of the rights being litigated," Angus v. Shiley Inc., 989 F.2d 142, 146 (3d Cir. 1993), the Complaint at issue in this dispute is not open-ended. Rather, Plaintiffs' Complaint clearly states that they seek damages "not in excess of Seventy-Five Thousand ($75,000) plus all costs and other relief this court deems necessary. Moreover, Plaintiffs acknowledge in their Motion to Remand that they will not be able to recover monetary compensation in excess of $75,000 due to their own monetary limitation in the Complaint and that any verdict in excess of that amount would be molded to an amount less than $75,000. ECF 3 at 7. Considering these two documents in tandem, it is clear that the amount in controversy does not exceed the $75,000 and that this Court therefore lacks jurisdiction.

Defendant relies on the fact that Plaintiffs' counsel relayed a total demand for $300,000 at a settlement conference. ECF 4 (Def.'s Sur Reply in Supp. of Removal) at 1. Such a demand is best seen as posturing for settlement negotiations and cannot override an unequivocal limitation on the damages that Plaintiffs seek. See Sfirakis v. Allstate Ins. Co., CIV. A. 91-3092, 1991 WL 147482 (E.D. Pa. July 24, 1991) ("It is nothing more than posturing by counsel seeking to stake out a position for settlement purposes. It cannot override the unamended verified complaint that unequivocally states that the damages do not exceed [the jurisdictional threshold].").

## VI. Conclusion

For the foregoing reasons, Plaintiffs' Motion to Remand is GRANTED and the case wil be remanded to state court. An appropriate order follows.

O:\Caitlin\Civil\14-1439 (ferguson)\2014.4.8. MoL on Mot. to Remand.docx